**UNITED STATES DISTRICT COURT**

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PETER REA, | ) | Case No: |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES GOVERNMENT | ) | |
|     Defendant. | ) | |

**COMPLAINT & JURY DEMAND**

**NATURE OF THE ACTION**

1.  This is a personal injury action arising out of a motor vehicle accident which occurred on or about April 2, 2024, at around 12:30-12:40 P.M., Mr. Peter Rea was traveling on the exit ramp coming from Route 3 southbound and heading towards Route 53 in Hanover, Massachusetts while in the course and scope of his employment with Whole Foods. As Mr. Rea was stopped at a red light, he was rear-ended by a vehicle owned by the United States Government (2017 Ford F-15) and operated by the Defendant's employee, Ariel Guzman.

**PARTIES**

2.  Plaintiff, Peter Rea, is an individual residing at 47 Nameloc Road, Plymouth, Plymouth County, Massachusetts.

3.  At all relevant times, the Defendant, the United States of America, acted through its agency, the United States Coast Guard.

**JURISDICTION & VENUE**

4.  The nature of action is governed by the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq., against the United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

5.  Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b)(1) and/or 1391(b)(2), as well as 28 U.S.C. § 1391(e)(1), because the United States is a defendant and the collision occurred in Massachusetts.

**STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA**

6.  This case is brought against the United States of America pursuant to 28 U.S.C. § 2671 et seq., commonly referred to as the "Federal Tort Claims Act". Liability of the United States is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674 because the

personal injuries and resulting damages that form the basis of this complaint, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America through its agency, the United States Coast Guard. The employee was acting within the course and scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Massachusetts.

7. Pursuant to 28 U.S.C. § 2675, this claim was presented to the appropriate agency of the Defendant, the United States of America, namely the United States Coast Guard, on or around April 9, 2025, for the claims of Plaintiff, Peter Rea. Said defendant offered to settle Mr. Rea's claim in full for $36,000 on May 16, 2025. Thereafter, the Plaintiff under MGL c. 152, § 15, sought signatures from the Defendant to follow through with the settlement's approval by the Massachusetts Department of Industrial Accidents, which is required in Massachusetts when an injured worker receives workers' compensation and pursues damages from a liable third party. The Defendant has never signed the required form and on November 21, 2025, the Defendant forwarded Plaintiff's counsel a letter denying the claim.

## COUNT I - NEGLIGENCE

8. The Plaintiff repeats and reavers the foregoing paragraphs as if alleged more fully herein.

9. On or about April 2, 2024, the Defendant's employee, negligently operated the motor vehicle by failing to stop in traffic, causing a collision with the rear of the Plaintiff's vehicle thereby causing him to sustain personal injury.

10. As a direct and proximate result of the Defendant's negligence, the Plaintiff was caused to incur medical expenses and suffered an impairment to his ability to enjoy life and attend to his usual activities.

11. At all times material herein, the Plaintiff was in exercise of due care and free from all comparative negligence.

12. The Plaintiff, Peter Rea, has satisfied all conditions precedent to the bringing of this cause of action.

## COUNT II – BREACH OF CONTRACT

13. The Plaintiff repeats and reavers the foregoing paragraphs as if alleged more fully herein.

14. "As any litigator or judge can attest, the best case is a settled case." Mathewson Corp. v. Allied Marine Industries, Inc., 827 F.2nd 850, 852 (1st Cir. 1987). "A settlement agreement is a contract and its enforceability is determined by applying general contract law." Sparrow v. Demonico, 461 Mass. 322, 327 (2012). Contracts simply require an offer, acceptance, and consideration. See Vasconcellos v. Arbella Mutual Insurance

<u>Co.</u>, 67 Mass. App. Ct. 277, 280 (2006) (enforcing oral contract to settle property damage claim in the context of a motor vehicle accident).

15. In response to the SF-95 claim form that was sent to the Defendant on or around April 9, 2025, in a letter dated May 16, 2025, the Defendant sent the Plaintiff via mail a written offer to settle Plaintiff's claim in full for $36,000.00. (*Exhibit 1*, Settlement Offer 05.16.2025)

16. On June 2, 2025, Plaintiff accepted the Defendant's offer of $36,000.00 to settle the claim and this was communicated in writing via email to the Defendant's representative Nancy Byers (*Exhibit 2*, Acceptance of Settlement Offer 06.02.2025)

17. An enforceable agreement requires (1) terms sufficiently complete and definite, and (2) a present intent of the parties at the time of formation to be bound by those terms." <u>Targus Group Int'l, Inc. v. Sherman</u>, 76 Mass. App. Ct. 421, 428 (2010).  In this case, a binding contract was formed. The Defendant sent the Plaintiff a written offer of $36,000 to settle in full the injury claim resulting from the April 2, 2024 motor vehicle incident and the Plaintiff, through his counsel, accepted this offer in writing. *See* <u>Goren v. Royal Investments, Inc</u>., 25 Mass. App. Ct. 137, 140 (1987) (finding that where the material terms are agreed upon by all parties, the execution of a final document is to serve as a polished memorandum of an already binding contract).

18. The next day, on June 3, 2025, the Plaintiff, through his counsel, sent to Ms. Byers via email a proposed settlement petition pursuant to Massachusetts General Laws Chapter 152, Section 15, to sign and return to Plaintiff's counsel for approval by the Massachusetts Department of Industrial Accidents. (*Exhibit 3*, Proposed Section 15 Petition Email 06.03.2025); (*Exhibit 4*, Proposed Section 15 Petition 06.03.2025)

19. The approval of the Section 15 petition by the Massachusetts Department of Industrial Accidents or a court of competent jurisdiction is a pre-requisite to settling a third party case under Massachusetts General Laws Chapter 152, Section 15. (*Exhibit 5*, M.G.L Ch. 152 Section 15)

20. On June 5, 2025, Ms. Byers emailed Plaintiff's counsel indicating that "This is a personal injury claim filed against the U.S. Coast Guard arising out of the activities of the Coast Guard. We are not a Third Party to this Worker's Compensation claim…" Roughly ten minutes following receipt of this email, Plaintiff's counsel emailed Ms. Byers back stating "This accident occurred during the course and scope of Mr. Rea's employment for Whole Foods. Mr. Guzman is the Third Party in this case and since he was driving for the Coast Guard and the Coast Guard is self-insured the Coast Guard would be considered the Third Party Insurer for the purpose of the Section 15 agreement..." (*Exhibit 6*, Proposed Section 15 Petition Emails 06.05.2025)

21. Four days later, on June 9, 2025, Ms. Byers emailed Plaintiff's counsel stating "The Coast Guard does not get involved in lien issues." Later that same day, Plaintiff's counsel responded by sending to Ms. Byers a link for a full reading of M.G.L Ch. 152 Section 15. In this same email, Plaintiff's counsel also stated that "these petitions are required in Massachusetts for third party cases. As previously stated, you will not be getting involved in any lien issues. Your signature on the section 15 petition is only

signifying the fact that you all offered $36,000 on this claim and you are in agreement of the settlement. After you sign the petition, it goes to the DIA for review and approval." (*Exhibit 7*, Proposed Section 15 Petition Emails 06.09.2025)

22. After two separate follow-up emails, on June 30, 2025, Ms. Byers responded to Plaintiff's Counsel stating that they "reviewed the Petition for Approval of Third Party Settlement under G.L. c. 152 §15 (Section 15). Based upon our review the Petition sets forth terms which are not within our settlement authority.  Therefore, we cannot sign the Petition on behalf of the USCG." (*Exhibit 8*, Proposed Section 15 Petition Email 06.30.2025)

23. After a responsive inquiry by Plaintiff's counsel seeking to clarify which terms were in their settlement authority, on July 17, 2025, Susan Steiner, the Attorney/Division Chief for the Defendant, emailed Plaintiff's Counsel stating that their "issue with the Section 15 Petition terms is pertaining to your attorney fees which are listed at 35.85%.  Because our settlement offer is pursuant to the Federal Tort Claims Act, your attorney fees in this matter are limited by the statute to 20%. 28 U.S.C. §2678…**To accept the settlement, you need to adjust your attorney fees to the statutory limit and provide us with a new Petition for our review**" [emphasis added]. (*Exhibit 9*, Proposed Section 15 Petition Emails 07.17.2025)

24. Accordingly, on July 23, 2025, Plaintiff's counsel emailed both Attorney Steiner and Ms. Byers an updated proposed settlement petition pursuant to Massachusetts General Laws Chapter 152, Section 15, which appropriately listed Attorney's fees at 20%. (*Exhibit 10*, Section 15 Petition Email 07.23.2025); (*Exhibit 11,* New Proposed Section 15 Petition 07.23.2025)

25. Plaintiff's Counsel thereafter got no response from either Attorney Steiner or Ms. Byers for over two months despite multiple follow ups.  Sometime following September 2025, Plaintiff was informed that the government shutdown had rendered the Defendant unable to sign any forms or correspondence. (*Exhibit 12*, New Proposed Section 15 Petition Emails 08. 2025)

26. On November 21, 2025, the Defendant forwarded Plaintiff's counsel a letter deeming the claim denied based on not receiving the executed settlement offer. (*Exhibit 13,* Rejection of Claim Letter 11.21.2025)

27. At all times material herein, Plaintiff, through counsel, acted in accordance with the law to perform all necessary prerequisite tasks to obtain approval to consummate settlement.

28. Despite Plaintiff's full cooperation, repeated good-faith efforts, and overt steps to fully obtain the Defendant's cooperation to obligations, Defendant has refused to execute the required Section 15 Petition, thereby preventing completion of the contract and materially breaching its terms.

29. As a direct result of the Defendant's breach and refusal to cooperate with necessary obligations, the Plaintiff has been caused to incur significant attorney's fees and expenses.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for judgment against the Defendant as follows:
1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive damages, according to proof;
4. For pre-judgment and post-judgment interest as allowed by law;
5. For costs of suit incurred herein; and
6. For such other and further relief as this Court may deem just and proper.

DATED: March 5, 2026

Respectfully Submitted,
The Plaintiff,
By His Attorney

/s/ James E. Stevens

_____

James E. Stevens
BBO #: 713690
KECHES LAW GROUP, P.C.
2 Lakeshore Center, Third Floor
Bridgewater, MA 02324
Tel. No.: (508) 822-2000
jstevens@kecheslaw.com

**DEMAND FOR JURY TRIAL**

Plaintiff, Peter Rea, demands a trial by jury on all triable issues.

DATED: March 5, 2026

Respectfully Submitted,
The Plaintiff,
By His Attorney

/s/ James E. Stevens

_____

James E. Stevens
BBO #: 713690
KECHES LAW GROUP, P.C.
2 Lakeshore Center, Third Floor
Bridgewater, MA 02324
Tel. No.: (508) 822-2000
jstevens@kecheslaw.com